## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DAVID TURNER,                               )
                                            )
      Plaintiff,                           )
                                            )
  v.                                        )    Civil Action No. 26-201-GBW-SRF
                                            )
UNITED STATES OF AMERICA and                )
the STATE OF MARYLAND,                      )
                                            )
      Defendants.                         )

## REPORT AND RECOMMENDATION

Plaintiff David Turner ("Plaintiff"), an inmate at the Chesapeake Detention Facility in Baltimore, Maryland, filed this action on February 24, 2026. (D.I. 1) He appears *pro se* and has paid the filing fee. The court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, I recommend that the claims against the United States and the State of Maryland be DISMISSED with prejudice.

## I.     BACKGROUND

The following facts are taken from the complaint and are assumed to be true for purposes of screening the complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff alleges violations of 18 U.S.C. § 1959, which is a federal criminal statute pertaining to violent crimes in aid of racketeering activity. Plaintiff names as defendants the United States of America and the State of Maryland (together, "Defendants"). According to Plaintiff, Defendants ordered their investigators to fabricate evidence and engaged in various other discovery violations and extension requests in his state and federal criminal cases. (D.I. 1 at 1-2) Plaintiff also avers that his children were kidnapped to create false testimony against him, he was enslaved by state and federal prosecutors, he was extorted for legal fees, and

unspecified officers used criminal gang members to intimidate him in jail. (*Id.* at 2-4) In one paragraph of the complaint, Plaintiff identifies individuals alleged to have participated in a criminal enterprise without associating those individuals with the alleged conduct. (*Id.* at 4) The list appears to include federal and state officials and judges, fellow inmates, and "criminal gangs." (*Id.*) Plaintiff seeks damages in the amount of $20,000,000. (*Id.*)

## II.    LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends

on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

## III. DISCUSSION

### A. Immunity

The United States and the State of Maryland are immune from suit under the doctrine of sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." (internal quotation marks and citations omitted)); *see also Newman v. United States*, C.A. No. 22-516-RGA, 2022 WL 17555608, at *2 (D. Del. Dec. 9, 2022) ("It is well established that an action against the United States cannot be maintained unless the United States waives its sovereign immunity[,]" and such waiver "must be unequivocally expressed."). Consequently, I recommend that the court DISMISS Plaintiff's claims against Defendants with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii).

### B. Claims under 18 U.S.C. § 1959

Plaintiff's attempt to apply Section 1959, a criminal statute, to state a civil claim is "based on an indisputably meritless legal theory[.]" *LoCurto v. NYU Langone Lutheran Hosp.*, 758 F. Supp. 3d 31, 36-37 (E.D.N.Y. 2024) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)). Plaintiff has no standing to bring a civil cause of action under a criminal statute, and there is no private right of action under 18 U.S.C. § 1959. *Id.*; *see Allen v. Admin. Office of Pa. Courts*, 270 F. App'x 149, 150 (3d Cir. 2008) (concluding that a plaintiff who sought to impose criminal liability on state defendants lacked standing to proceed). Therefore, I recommend that the court DISMISS with prejudice Plaintiff's claims under 18

U.S.C. § 1959 pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i). *See Wemh v. Newport Police Dep't*, C.A. No. 21-1730-MN, 2022 WL 1046264, at *2 (D. Del. Apr. 7, 2022).

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

## ORDER

At Wilmington this __th day of _____, 2025, IT IS ORDERED that:

1.    The Report and Recommendation issued on March __, 2026 is **ADOPTED**.

2.    Plaintiff's claims against the United States of America and the State of Maryland are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

4

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R.

Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website,

http://www.ded.uscourts.gov.

Dated: March 16, 2026

_____

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE