**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DAVID TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-201-GBW-SRF |
| | ) | |
| UNITED STATES OF AMERICA and the STATE OF MARYLAND, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff David Turner ("Plaintiff"), an inmate at the Chesapeake Detention Facility in Baltimore, Maryland, filed this action on February 10, 2026. (D.I. 1) He appears *pro se* and has paid the filing fee. The court reviewed and screened the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A in a Report and Recommendation dated March 16, 2026, recommending that the complaint be dismissed with prejudice. (D.I. 8) Plaintiff timely filed objections to the Report and Recommendation, which remain pending. (D.I. 9) At present, there are three motions pending in this case, including a motion for recusal of the undersigned judicial officer, which was filed on October 29, 2026. (D.I. 7; D.I. 11; D.I. 12) I recommend that the court address the dispositive motions in the manner set forth at Section II.A, *infra*. Rulings on the non-dispositive motions are set forth at Section II.B, *infra*.

## I. BACKGROUND

Plaintiff alleges violations of 18 U.S.C. § 1959, which is a federal criminal statute pertaining to violent crimes in aid of racketeering activity. Plaintiff names as defendants the United States of America and the State of Maryland (together, "Defendants"). According to Plaintiff, Defendants ordered their investigators to fabricate evidence and engaged in various

other discovery violations and extension requests in his state and federal criminal cases. (D.I. 1 at 1-2) Plaintiff also avers that his children were kidnapped to create false testimony against him, he was enslaved by state and federal prosecutors, he was extorted for legal fees, and unspecified officers used criminal gang members to intimidate him in jail. (*Id.* at 2-4) In one paragraph of the complaint, Plaintiff identifies individuals alleged to have participated in a criminal enterprise without associating those individuals with the alleged conduct. (*Id.* at 4) The list appears to include federal and state officials and judges, fellow inmates, and "criminal gangs." (*Id.*) Plaintiff seeks damages in the amount of $20,000,000. (*Id.*)

## II. DISCUSSION

A district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive matters pending before the Court. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). If a party files a timely written objection to a Magistrate Judge's Report and Recommendation within fourteen days of its issuance, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A district court may also refer non-dispositive motions to a Magistrate Judge for adjudication. Under Rule 72(a), "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

On March 4, 2026, the district judge assigned to this action referred the case to the undersigned judicial officer "to hear and resolve all pretrial matters, including but not limited to the resolution of any and all pre-trial motions." (D.I. 4) The court addresses the pending

dispositive and non-dispositive motions in accordance with the foregoing legal standards and the referral order.

**A. Recommendations for Case Dispositive Motions under Rule 72(b)**

Having recommended that the court dismiss Plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e) in the Report and Recommendation issued on March 16, 2026, (D.I. 8), I further recommend that the court TERMINATE the following dispositive motion as moot based on the recommended dismissal with prejudice or, alternatively, DENY the motion for the reasons set forth in the chart below:

| DKT. # | DATE | MOTION | REASONS FOR DENIAL |
|---|---|---|---|
| D.I. 7 | 3/13/2026 | Motion for Temporary Restraining Order / Preliminary Injunction | - MOOT per Report and Recommendation at D.I. 8.<br>- Plaintiff seeks a release from detention in Maryland state prison. The abstention doctrine, as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. Plaintiff has not established that he lacks adequate state court remedies to seek the requested relief in the pending criminal case against him. |

**B. Orders on Non-Dispositive Motions under Rule 72(a)**

Plaintiff's non-dispositive motions are DENIED for the following reasons:

| DKT. # | DATE | MOTION | REASONS FOR DENIAL |
|---|---|---|---|
| D.I. 11 | 4/10/2026 | Motion to Amend the Complaint | - Plaintiff's motion to amend the complaint to name as defendants certain government actors in their official capacities is futile. (D.I. 11) Plaintiff's complaint seeks monetary damages. Section 1983 claims for monetary damages against a state official acting in his or her official capacity are barred under the Eleventh Amendment. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). |

| | | | |
|---|---|---|---|
| | | | - Plaintiff's proposed amended pleading seeks "declaratory relief that any investigation involving the Defendants that lead[s] to a conviction was found in violation of 18 U.S.C. § 1623 and need be reversed and reinvestigated using valid sources." (D.I. 11 at 2) The abstention doctrine, as defined in *Younger v. Harris,* 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. Plaintiff has not established that he lacks adequate state court remedies to seek the requested relief in the pending criminal case against him. |
| D.I. 12 | 10/29/2026 | Motion for Recusal | See below for analysis. |

Plaintiff's motion for the recusal of the undersigned judicial officer pursuant to 28 U.S.C. § 455 is DENIED. (D.I. 15) Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is also required "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* at § 455(b)(1).

Plaintiff contends that the recommended dismissal with prejudice is legally erroneous for various reasons. (D.I. 12) Plaintiff's objections to the court's legal conclusions do not support recusal because "judicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Almost invariably, they are proper grounds for appeal, not for recusal." *Id.* In this instance, Plaintiff filed objections to the court's Report and Recommendation. (D.I. 19; *see also* D.I. 25) The district judge will consider Plaintiff's objections and review the Report and Recommendation *de novo*. Plaintiff's objections are not grounds for recusal. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("[A] party's displeasure with legal rulings

does not form an adequate basis for recusal."); *Garces v. Epic Pain Mgmt./Express Pain & Urgent Care*, 2025 WL 2182459, at *2 (W.D. Tex. June 25, 2025).

## III. CONCLUSION

For the reasons discussed above, I recommend that the court ADOPT the Report and Recommendation (D.I. 8) and TERMINATE the pending dispositive motion in this case as MOOT or, alternatively, DENY the motion for the reasons set forth at Section II.A, *supra*. (D.I. 7) This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.

Plaintiff's non-dispositive motions are DENIED. (D.I. 11; D.I. 12) The rulings on Plaintiff's non-dispositive motions are filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2).

Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(a)-(b). The failure of a party to object to recommendations on dispositive motions may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017). The failure of a party to object to rulings made on nondispositive motions may result in the loss of the right to appellate review. *See United Steelworkers of Am., AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006-08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: November 2, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE